O’NIELL, J.
The plaintiff, Mrs. Merlin J. Bellau, brought suit to be recognized and decreed the owner of one-third interest in the contents of a certain curio store, and to have the property judicially sequestered and sold to effect a partition between her and the defendants. She also prayed that an inventory be made of the property to be -sequestered.
The defendants moved to dissolve the writ of sequestration, and, in the alternative, asked that the property sequestered be released on bond. On the trial of the motion, an agreement was entered into between the attorneys for the plaintiff and the defendants, that the question of the plaintiff’s ownership of a third interest in the property should be tried and decided on the motion to dissolve the writ of sequestration. It was also agreed between the attorneys for the-plaintiff and the defendants that the judge-of the district court might render and sign the judgment in vacation, and that an appeal from the judgment might be taken by mere motion, within the usual delay, by the-party against whom the judgment might be-rendered.
Judgment was rendered in favor of the-plaintiff, recognizing her ownership of a third interest in the stock of merchandise-sequestered, maintaining the writ of sequestration, ordering that an inventory be-made, and that the property be sold to effect, a partition.
The. defendants make application to this court for a writ of prohibition, to prohibit the trial judge and the plaintiff in the suit -from executing the judgment to the extent of having an inventory of the property made. The only argument made by counsel for the relators in support of their application for the writ is that the judgment could not be signed in vacation, and therefore could not be executed, even to the extent of having an inventory made of the property sequestered.
[1] Under an express provision of the Code of Practice (article 282), it was the duty of the sheriff who sequestered the stock of merchandise in question to make an inventory of it, without awaiting a final judgment maintaining the writ of sequestration.
[2] Besides, under the agreement of counsel for plaintiff and defendants, the district judge had authority to sign the judgment, ordering that an inventory be made of the property sequestered, and that the property be sold to effect a partition, and from that judgment the defendants had the right to appeal. The relators are not entitled to the relief prayed for.
It is ordered that the rule issued herein be recalled, and that the relators’ application be denied, at their cost.